|  |  |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

CHARLES R. GORTON,

        Plaintiff,

  v.

OFFICER BICK, et. al.,

        Defendants.

CASE NO: 1:05-cv-0354 LJO DLB P

ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION

(Doc. 42)

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. sec. 1983. On April 4, 2008, plaintiff filed a motion for reconsideration. (Doc. 42).

By order issued March 7, 2008, the Court denied plaintiff's request for an issuance of a subpoena duces tecum to be served on the California Department of Corrections. (Doc. 27). The Court expressed concern that plaintiff had not requested the documents from the defendant through the regular channels of discovery, as it appeared that defendant may have had possession, custody or control of the documents sought. The Court further explained that unless plaintiff provided an offer of proof concerning his efforts to obtain the documents, the existence of the documents and the location of the documents, the Court would not order the U.S. Marshal to serve a subpoena duces tecum sought by plaintiff. The Court

1  denied plaintiff's request without prejudice to renewal.[1]

2  The order also explained that discovery was opened in this matter on January 23, 2008, and that
3  discovery is self-executing until such time as a party becomes dissatisfied with a response and seeks
4  relief from the Court pursuant to the Federal Rules of Civil Procedure.

5  **Motion for Reconsideration**

6  The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185,
7  1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions
8  for reconsideration are disfavored, however, and are not the place for parties to make new arguments
9  not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918,
10 925-6 (9th Cir. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already
11 thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking
12 reconsideration must show more than a disagreement with the Court's decision, and recapitulation of
13 the cases and arguments considered by the court before rendering its original decision fails to carry the
14 moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

15 Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin
16 Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), en
17 banc. To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court
18 to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665
19 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987).
20 When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or
21 different facts or circumstances claimed to exist which did not exist or were not shown upon such prior
22 motion, or what other grounds exist for the motion."

23 In his motion for reconsideration, plaintiff contends that defendant and/or his counsel have either
24 submitted copies of his discovery requests to the Court, and/or requested the U.S. Marshal serve
25 documents upon the Court. Plaintiff contends that defendant and his counsel have been fabricating
26 documents or requests on the part of plaintiff, and in his motion for reconsideration, plaintiff seeks an

---

[1] A review of the court docket indicates that plaintiff re-filed his motion on April 16, 2008, which shall be ruled upon by separate order. (Doc. 45)

1 injunction or sanctions.

2 It appears that plaintiff has misunderstood the Court's order issued May 7, 2008. The Court's
3 order did not state that the Court had received any of plaintiff's discovery requests aside from his motion
4 for a subpoena duces tecum.  Nor did the Court's order state that any documents were ordered served
5 by the U.S. Marshal.  The Court simply addressed plaintiff's request for the issuance of a subpoena, filed
6 on March 7, 2007.

7 Plaintiff has not presented any newly discovered evidence, has not demonstrated that the court
8 committed clear error, and has not argued that there has been an intervening change in the controlling
9 law.  Accordingly, plaintiff's motion for reconsideration, filed April 4, 2008, is HEREBY DENIED.

10 IT IS SO ORDERED.

11 **Dated:    October 1, 2008**            /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE