1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8
9
10

| | | |
|---|---|---|
| CHARLES R. GORTON, | ) ) | CASE NO: 1:05-cv-0354 LJO DLB P |
| Plaintiff, | ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL, AND REQUIRING DEFENDANT TO SERVE FURTHER RESPONSES WITHIN 45 DAYS |
| v. | ) ) ) | |
| OFFICER BICK, | ) ) | |
| Defendant. | ) ) | (Doc. 45) |
| | ) ) ) ) ) ) ) ) ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN EXTENSION OF THE SCHEDULING ORDER DEADLINES, AND EXTENDING THE DEADLINE TO AMEND PLEADINGS TO NOVEMBER 28, 2008, AND THE DISCOVERY DEADLINE TO JANUARY 28, 2009, LIMITED TO ISSUES IN MOTION TO COMPEL |
| | | (Docs. 49, 53) |

**I.     Procedural Background**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's amended complaint filed October 7, 2005. Plaintiff alleges that on May 13, 2004, he was attacked by Inmate Pina, and that defendant Bick failed to protect him from serious harm, in violation of the Eighth Amendment.

1       On April 16, 2008, plaintiff filed a motion to compel the production of documents (Doc. 45).

2   Defendant has also requested that the court issue a subpoena duces tecum to be served upon the

3   California Department of Corrections. Defendant filed an opposition on July 23, 2008.  (Doc. 50).

4   **II.      Motion to Compel Production of Documents**

5       **Request 1**

6       Plaintiff requests "A 'CLEAR' copy of the 3rd Watch Duty Roster for Sierra Conservation

7   Center, Level-3 Gym, Tuolomne Unit, on the date of May 13, 2004."

8       Plaintiff did not request a copy of the roster in his first request for production of documents, and

9   therefore the duty roster is not properly subject to production via a motion to compel. Plaintiff's motion

10  to compel is denied.[1]

11      **Request 2**

12      Second, plaintiff requests "A clear copy of the Incident Report taken by the Institutional Security

13  Unit at SCC-3 involving the attack committed against Inmate Gorton, #T-43446, by Inmate Pina, T-

14  44230, on May 13, 2004.  This is to include: a) A copy of the video taped interviews of Plaintiff, or any

15  other witnesses [2] b) Copies of the Poloroid photographs taken of plaintiff's injuries, by ISU; and c) A

16  copy of Inmate Pina's personal statement of the attack."  (Doc. 45, pp.6-7).

17      Defendant objects that the request is over-broad, vague, and not relevant to a claim or defense,

18  compound and confusing, and not reasonably calculated to lead to the discovery of admissible evidence.

19  With respect to the requests relating to the records of inmate Pina, other inmates or staff, Defendant

20  further objects to the extent that plaintiff's request calls for personnel records or confidential information

21  protected under federal and state privacy laws.  Defendant further asserts that the CDC 115 and 128

22  forms concerning plaintiff's role in the incident, as well as photographs and videotapes of plaintiff, are

23  accessible to plaintiff since they are in his central file.

24      In opposition to the instant motion to compel, defendant asserts that the information sought, if

25

26      [1] It appears that plaintiff's motion to compel is also moot.  In a subsequent motion filed by plaintiff on September 17, 2008, plaintiff indicates that he has received the duty roster from defendant. (Doc. 51, p.3).

27      [2]  This request is similar, but not identical, to Plaintiff's First Request for Production of Documents, Request No. 3 served upon defendant. There, plaintiff sought only the video taped interviews of plaintiff and inmate Pina.  Plaintiff may not broaden the scope of his discovery request via a motion to compel.

28

U.S. District Court

E. D. California

2

1   revealed, would violate federal common law privilege and the privacy rights of staff and inmates.

2   Without waiving his objections, defendant states that upon conducting a reasonable inquiry, he has

3   learned that "ISU never prepared or received any reports regarding the May 13, 2004, incident. There

4   are also no video interviews of Plaintiff regarding the attack, any personal statements made by Inmate

5   Pina regarding the attack to ISU, or any polaroid pictures of Plaintiff's injuries received during the

6   attack. Therefore, even if Defendant's objections were found invalid, Defendant does not possess any

7   documents responsive to Plaintiff's request." (Doc. 50, p.3).

8          The Court finds that the documents sought are relevant to plaintiff's claim and may lead to the

9   discovery of admissible evidence.  Defendant's opposition was untimely, and even considering

10  defendant's general assertion of privacy, he has provided no evidence showing that plaintiff's request

11  would encompass records from personnel files and/or confidential information. Finally, even if some

12  of the documents requested are contained in plaintiff's central file and accessible to plaintiff, that does

13  not relieve defendant of his obligation to produce them as part of plaintiff's request for production of

14  documents.

15         Plaintiff's motion to compel is granted and defendant shall serve a further response to Plaintiff's

16  First Request for Production of Documents Request No. 3, as so narrowed by plaintiff as Request No.

17  2 in his instant motion to compel.  Plaintiff is advised however, that in light of defendant's contention

18  that he has already conducted an inquiry and does not possess any documents responsive to plaintiff's

19  request, plaintiff should not expect that any documents will be produced by way of defendant's further

20  response.

21         **Request 3**

22         Plaintiff requests "A clear copy of the incident report surrounding the attack on I/M Gorton, T-

23  43446, by I/M Pina, T-44230, filed by the third watch Sargeant and Lieutenant, at SCC-3 on May 13,

24  2004."

25         Defendant objects on the same grounds as stated in the previous request. For the same reasons

26  detailed above, the Court finds that the documents sought are discoverable.  Plaintiff's motion to compel

27  is granted and defendant shall serve a further response to plaintiff's request for production within forty-

28  five (45) days of this order.  Plaintiff is advised however, that in light of defendant's contention that he

U.S. District Court

E. D. California

1   has been unable to locate any documents responsive to plaintiff's request after conducting an inquiry,

2   plaintiff should not expect that any documents will be produced by way of defendant's further response.

3   **Request 4**

4   Next, plaintiff requests "A clear copy of the Investigation Report that was clearly referred to by

5   J.Andrade, Correctional Counselor, II, Sierra Conservation Center, Toulumne Division.  (See Exhibit

6   I)"

7   In opposition to plaintiff's motion to compel, defendant contends that plaintiff did not cite any

8   specific response by defendant which plaintiff finds improper, and that Plaintiff has not previously

9   requested this document and therefore cannot compel its production at this time.

10   The court has reviewed plaintiff's First Request for Production of Documents, and it appears that

11   his request is covered by his First Request for Production of Documents, Request No. 2, wherein he

12   requests "All written statements, originals or copies without blackout marks, identifiable as reports about

13   the attack committed against Inmate Gorton, known as plaintiff, on May 13, 2004, at Sierra Conservation

14   Center, Level-3 Gym, made by all prison and civilian employees or the Department of Corrections or

15   prisoner witnesses". (Doc. 45, p.47).

16   The investigation report is relevant and discoverable.  Within 45 days of this order, defendant

17   shall serve a further response to plaintiff's Plaintiff's First Request for Production of Documents,

18   Request No. 2, as so narrowed by plaintiff as Request No. 4 in his instant motion to compel. If defendant

19   is unable to produce the document, defendant shall state that a reasonable search has been conducted,

20   and explain the reason why he is unable to comply (i.e., the document never existed; has been lost or

21   stolen; was inadvertently destroyed; or is not in the possession, custody, or control of the responding

22   party).

23   **Request 5**

24   Finally, plaintiff requests "a clear copy of the CDC 115 disciplinary action report filed against

25   Inmate Pina, T-44230, as is referred to by CC2-Thompson, (see Exhibit D; Inmate Appeal 602; Section

26   C)".

27   Defendant objects to the request as over-broad, vague, irrelevant, and that it is compound and

28   confusing.  Defendant further objects that the request may include confidential information protected

by the privacy rights of inmates and staff.  Finally defendant contends that the documents requested are available to plaintiff through his central file.

In opposition to the instant motion to compel, defendant states that he has since located the CDC 115 form and has attached the report by separate cover.  Plaintiff also confirms that he has received the CDC 115. (Doc. 51, p.3).  Accordingly, Plaintiff's motion to compel is disregarded as moot.

**Motion for Issuance of Subpoena Duces Tecum**

Concurrently with his motion to compel, plaintiff has filed a renewed motion for the issuance of a subpoena duces tecum, commanding the CDCR to produce the documents covered in plaintiff's motion to compel.

As was previously explained to plaintiff, he is entitled to seek documentary evidence from third parties via the issuance of a subpoena duces tecum under Federal Rule of Civil Procedure 45, which would be served by the United States Marshal given that plaintiff is proceeding in forma pauperis.  In the Court's order denying plaintiff's first motion for the issuance of a subpoena, the Court stated that directing the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly, and expressed concern that plaintiff had not first sought the documents from the defendant. Plaintiff's motion was denied without prejudice to renewal accompanied by an offer of proof concerning plaintiff's efforts to obtain the documents, the existence of the documents and the location of the documents. (Doc. 39).

Since the filing of plaintiff's instant motion, it appears that plaintiff has  received from defendant the documents sought in his requests numbers 1 and 5 (Doc. 51, p.3).  With respect to requests numbers 2 and 3, plaintiff still has not provided an offer of proof concerning the existence of the documents requested.  Given defendant's assertions that ISU never prepared or received any reports regarding the May 13, 2004, incident, that there are also no video interviews of Plaintiff regarding the attack, any personal statements made by Inmate Pina regarding the attack to ISU, or any polaroid pictures of Plaintiff's injuries received during the attack, and that defendant was unable to locate any documents responsive to plaintiff's request number 3, despite conducting a reasonable inquiry, the court will not issue a subpoena duces tecum that amounts to a fishing expedition.   Further, plaintiff's requests numbers 2, 3, and 4 have been granted by way of his motion to compel.

U.S. District Court
E. D. California

5

1    Accordingly, plaintiff's motion for the issuance of a subpoena duces tecum is unnecessary and

2    therefore denied.

3    **Motion for Extension of Scheduling Order Deadlines**

4    On July 14, 2008, plaintiff filed a motion seeking an extension of the scheduling order deadlines.

5    (Doc. 49).  Defendants did not file a response.  On September 23, 2008, plaintiff filed a further motion

6    for an extension of the discovery deadline. (Doc. 53).

7    Modification of a scheduling order requires a showing of good cause.  Fed. R. Civ. P. 16(b).

8    In his motion, plaintiff states that he cannot meet the deadline to amend his pleading until the pending

9    discovery issues are resolved.  Because plaintiff's motion to compel was filed before the expiration of

10   the discovery deadline and the deadline to amend pleadings, and was not resolved by the court until after

11   the expiration of the motion to amend pleadings deadline, the deadline to amend pleadings shall be

12   extended.  The discovery deadline shall also be extended as to matters at issue in the motion to compel.

13   The deadline to file an amended pleading shall be extended to November 28, 2008, and the

14   discovery deadline shall be extended until January 28, 2009, which should allow defendant to respond

15   to the requests for production of documents, plaintiff to propound any further follow-up discovery

16   requests, and either plaintiff or defendants to seek further court intervention if necessary.

17   Plaintiff has made no showing of good cause concerning an extension of the deadline dispostive

18   motion deadline.  Therefore, plaintiff's motion for an extension of the deadline to file dispositive

19   motions is denied without prejudice.

20   **Conclusion**

21   As set forth herein, it is HEREBY ORDERED that:

22   1.    Plaintiff's motion to compel the production of document request #1, is denied;

23   2.    Plaintiff's motion to compel the production of document requests #2, 3, and 4 are

24         granted, as narrowed and clarified by this order, and defendant has **forty-five (45) days**

25         within which to serve further responses;

26   3.    Plaintiff's motion to compel the production of document request #5 is disregarded as

27         moot;

28   3.    Plaintiff's motion for the issuance of a subpoena duces tecum is denied; and

4.   Plaintiff's motion for an extension of the deadlines set forth in the scheduling order is
     GRANTED IN PART AND DENIED IN PART as follows:

     a.   Plaintiff's motion for an extension of the deadline to amend pleadings is
          GRANTED and the deadline is extended to **November 28, 2008;**

     b.   Plaintiff's motion for an extension of the discovery deadline is GRANTED, and
          the deadline is extended to **January 28, 2009**, limited to the discovery at issue
          in plaintiff's motion to compel filed April 16, 2008, including any follow-up
          requests arising out of the production of documents ordered herein; and

     c.   Plaintiff's motion for an extension of the deadline to file pre-trial dispositive
          motions is DENIED.


IT IS SO ORDERED.

**Dated:    October 4, 2008**                    **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE