# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

CHARLES ROBERT GORTON,                    CASE NO. 1:05-CV-00354-DLB PC

                      Plaintiff,          ORDER DENYING PLAINTIFF'S MOTION
                                          FOR RECONSIDERATION

        v.

BICK, et al.,

                      Defendants.
_____/

        Plaintiff Charles Robert Gorton ("Plaintiff") is a prisoner in the custody of the California

Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding

on Plaintiff's amended complaint against Defendant Miller for failure to protect in violation of

the Eighth Amendment. The matter is set for jury trial.

        On January 12, 2011, Plaintiff filed a motion for summary judgment.  Doc. 94.  On

January 14, 2011, the Court denied Plaintiff's motion as untimely.  Doc. 100.  Pending before the

Court is Plaintiff's motion for reconsideration, filed January 26, 2011.

        The Court has discretion to reconsider and vacate a prior order.  *Barber v. Hawaii*, 42

F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir.

1992).  Motions for reconsideration are disfavored, however, and are not the place for parties to

make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v.

Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).  Nor is reconsideration to be used

to ask the court to rethink what it has already thought. *United States v. Rezzonico*, 32 F. Supp. 2d

1112, 1116 (D. Ariz. 1998).  "A party seeking reconsideration must show more than a

1

1   disagreement with the Court's decision, and recapitulation of the cases and arguments considered

2   by the court before rendering its original decision fails to carry the moving party's burden."

3   *United States  v. Westlands Water Dist.,* 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

4           Motions to reconsider are committed to the discretion of the trial court.  *Combs v. Nick*

5   *Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th

6   Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing

7   nature to induce the court to reverse its prior decision.  *See Kern-Tulare Water Dist. v. City of*

8   *Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other*

9   *grounds*, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule

10  230(j) requires a party to show the "new or different facts or circumstances are claimed to exist

11  which did not exist or were not shown upon such prior motion, or what other grounds exist for

12  the motion."

13          Plaintiff contends that the Court should modify the scheduling order to allow Plaintiff to

14  file his motion for summary judgment.  Plaintiff first contends that he may move for summary

15  judgment at any time after twenty days have passed from the commencement of the action, or

16  when the opposing party serves a motion for summary judgment.[1]  Plaintiff cites to Federal Rule

17  of Civil Procedure 56(a).  Plaintiff contends that this language should be interpreted to mean that

18  Plaintiff can file for summary judgment at any time, including past the deadlines set in the

19  Court's July 7, 2009 Scheduling Order.  Doc. 81.  However, to allow Plaintiff's interpretation of

20  Rule 56(a) to apply would ignore the language in Rule 16 of the Federal Rules of Civil

21  Procedure, which governs scheduling orders.  The purpose of the scheduling order is to set limits

22  for certain actions, including joining of other parties, amending pleadings, completing discovery,

23  and the filing of motions.  While the former language of Rule 56(a) sets no time limit on when a

24  motion for summary judgment can be filed, Rule 16 requires the Court to set a limit.

25          The Court set a deadline of November 9, 2009 for dispositive motions.  Neither party

26  requested a modification of the scheduling order.  Plaintiff's motion for summary judgment was

27

28

---

[1] This version of the Federal Rules of Civil Procedure was in effect until December 1, 2009.

2

1  filed on January 12, 2011.  It is thus untimely.

2       Plaintiff further contends that he is unskilled in the practice of law and was unaware that

3  he had to file a motion for modification of the scheduling order.  Plaintiff's argument is

4  undermined by his filing for an extension of time to conduct discovery on September 14, 2009.

5  The Court construed the motion as one for modification of the scheduling order and granted it.

6  Plaintiff thus was aware that the Court set deadlines in the Scheduling Order, including deadlines

7  for the filing of dispositive motions.  Plaintiff's ignorance of the law is not good cause for

8  modification now.  Plaintiff receives more lenient standards regarding certain issues because of

9  his incarcerated, pro se status, such as liberal construction of pleadings, *see Erickson v. Pardus*,

10  127 S. Ct. 2197, 2200 (2007) (per curiam), and the applicability of the prison mailbox rule, *see*

11  *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009).  This is not the situation here.  "Pro se

12  litigants must follow the same rules of procedure that govern other litigants."  *King v. Atiyeh*, 814

13  F.2d 565, 567 (9th Cir. 1987).

14       Finally, Plaintiff contends that if he is allowed to file his motion for summary judgment,

15  Plaintiff's chemo-therapy treatments will not be affected by having to appear for trial.  The Court

16  is mindful of Plaintiff's medical needs.  However, Plaintiff is the party who brought this action.

17  Plaintiff is required to comply with all applicable Federal Rules of Civil Procedure and the Local

18  Rules of this Court, including prosecuting his action.

19       Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for

20  reconsideration, filed January 26, 2011, is DENIED.

21    IT IS SO ORDERED.

22  **Dated:  February 1, 2011**          **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28